**NICHOLAS & TOMASEVIC, LLP**
 Craig M. Nicholas (SBN 178444)
 Alex Tomasevic (SBN 245598)
 David G. Greco (SBN 299635)
225 Broadway, 19th Floor
San Diego, California 92101
Tel: (619) 325-0492
Fax: (619) 325-0496
Email: craig@nicholaslaw.org
Email: alex@nicholaslaw.org
Email: dgreco@nicholaslaw.org

Attorneys for Plaintiff
DAVID DURAN, on behalf of himself
and all others similarly situated

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID DURAN, an individual, on behalf of himself and all others similarly situated,<br><br>                     Plaintiff,<br><br>          vs.<br><br>KNIGHTS OF COLUMBUS, a Connecticut corporation;<br><br>                     Defendants. | Case No.<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>**(1) FAILURE TO REIMBURSE EXPENSES [CAL. LAB. CODE § 2802];**<br><br>**(2) ILLEGAL WAGE DEDUCTIONS [CAL. LAB. CODE § 221];**<br><br>**(3) FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS [CAL. LAB. CODE § 226];** *and*<br><br>**(4) UNFAIR BUSINESS PRACTICES [CAL. BUS. & PROF. CODE § 17200,** *et seq.***]**<br><br>**DEMAND FOR JURY TRIAL** |

CLASS ACTION COMPLAINT

Mr. DAVID DURAN, an individual ("Plaintiff" or Mr. Duran"), on behalf of himself and all others similarly situated, brings this action against Defendant KNIGHTS OF COLUMBUS ("The Order"), a Connecticut corporation, and alleges on information and belief as follows:

## INTRODUCTION

1.    The Order is a Catholic fraternal society that sells billions of dollars of insurance to Catholics across the nation.  To accomplish this, Defendant leans on hundreds, and possibly thousands, of hard working insurance agents that it calls "field agents."

2.    Defendant assigns these field agents to a "territory" and controls all of the key aspects of their working lives.  As such, field agents like Plaintiff should have been paid and classified by Defendant as employees.  But Defendant, instead, has intentionally and systematically misclassified all field agents as "independent contractors."  In doing so, Defendant denies these employees, including the named Plaintiff, access to critical benefits and protections they are entitled to by law, such as indemnification for business expenses—which is the focus of this case.  Defendant also denies the filed agents the required family and medical leave, unemployment insurance, and safe workplaces.  Through its willful misclassification, Defendant also robs the federal and state governments of tax revenues and generates losses to state unemployment insurance and workers' compensation funds and gets an undue advantage over its law-abiding competition.[1]

3.    Plaintiff is a former field agent who entered into a take-it-or-leave it "Field Agent Contract" with Defendant. Plaintiff brings this action on behalf of himself and other similarly-situated field agents. This action is brought as a class action under Federal Rules of Civil Procedure, Rule 23, based on numerous violations

---

[1] *See* U.S. Dept. of Labor, Wage and Hour Division, "Misclassification of Employees as Independent Contractors," available at https://www.dol.gov/whd/workers/Misclassification/ (describing the repercussions of misclassification) (last accessed June 1, 2018).

of California state law. Plaintiff seeks recovery for unreimbursed business expenses and illegal deductions, as well as an injunction putting an end to Defendant's "independent field agent" business model.

## JURISDICTION & VENUE

4.      This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(d)(2). The matter in controversy, exclusive of interest and costs, exceeds the sum or value of $5,000,000 and is a class action in which members of the Class of Plaintiffs are citizens of states different from The Order.

5.      Venue is proper in this court pursuant to 28 U.S.C. § 1391 (b) through (d) because, on information and belief, Defendant is authorized to conduct business in this District, has intentionally availed itself of the laws and markets within this District, does substantial business in this District, and is subject to personal jurisdiction in this District. Additionally, on information and belief, much of the Class of persons Plaintiff seeks to represent carried out employment activities in this District.

## PARTIES

6.      Plaintiff David Duran is and at all relevant times was a resident of California.

7.      Defendant Knights of Columbus, or "The Order," is a Connecticut corporation with its principal place of business in New Haven, Connecticut. On information and belief, it is authorized to carry out and does carry out business in this District and is subject to personal jurisdiction in this District. On information and belief, Defendant contracts with other misclassified "independent contractor" insurance agents who work and reside in this District and are members of Plaintiff's proposed Class (defined below).

## GENERAL ALLEGATIONS

8.      Defendant sells permanent and term life insurance as well as other insurance products.

CLASS ACTION COMPLAINT

9.    Mr. Duran was an insurance "field agent" for Defendant. In February of 2017, Defendant and Mr. Duran entered into a form "Field Agent Contract," which appointed Mr. Duran as a field agent for Defendant in a certain pre-defined territory. The contract authorized Mr. Duran to solicit and procure insurance and other products from Knights of Columbus members, and it outlined Mr. Duran's right to commissions for products sold.

10.    Under the contract, Defendant paid Mr. Duran set commissions on a list of defined policies and products sold by or credited to Mr. Duran. The procedure for calculating these commissions was outlined in the contract's schedule.

11.    Defendant classified Mr. Duran as an "independent contractor." But Defendant cannot meet its burden to justify that convenient classification.

a.    First, Defendant controlled and directed Mr. Duran's pay and performance of his work. Specifically:

i.    Mr. Duran's employment contract prohibited him from selling insurance outside of Defendant's employ, or via his own entity. In fact, Mr. Duran and his fellow field agents were prohibited from holding *any* other jobs whatsoever.  The Field Agent Contract, rather, required that the field agent "devote his full time and entire attention and energy to the services required under [the contract], and he shall not engage in any other occupation or business."

ii.    Mr. Duran's employment contract also dictated the insurance products that Mr. Duran was allowed to sell.  He was only allowed to sell the precise products that Defendant let him sell.

iii.    Mr. Duran's employment contract also set the territory in which Mr. Duran was authorized to sell insurance.  Field agents were not authorized to solicit business outside of their set territory and, furthermore, Defendant could unilaterally change or revoke the territory "at any time."

iv.    The contract also dictated the pay the field agents received from selling The Order's insurance products.  The commission structure was uniform across all field agents, set by contract, and presented on a take-it-or-leave-it basis.

b.    Second, selling life insurance is directly within Defendant's line of business. Indeed, Defendant could not complete its core mission—to sell insurance—without the field agents.

c.    Third, insurance agents are not generally engaged in an independent business. Rather, life insurance providers customarily employ in-house insurance agents.

12.    Defendant entered into identical contracts with all field agents in California. It enforced the terms of these contracts uniformly with all field agents.

13.    During his employment, Defendant required Mr. Duran to incur numerous business expenses including but not limited to:

a.    Vehicle expenses such as gasoline, repairs, and wear-and-tear;

b.    Travel expenses;

c.    Business laptop;

d.    Phone;

e.    Errors & Omissions Insurance;

f.    Education costs; and

g.    Licensing costs.

14.    Plaintiff incurred thousands of dollars in unreimbursed expenses over the years that should have been Defendant's responsibility.  Defendant never reimbursed Plaintiff for these expenses.

15.    Similarly, all other field agents in California were required to, and did, incur similar expenses without reimbursement from Defendant.

16.    Additionally, Defendant failed to provide accurate pay statements to Plaintiff and the Class. For example, each paycheck indicated that a deduction would

be taken from Plaintiff's check, but the check stub did not identify what the deduction was for. Instead, Plaintiff received a one-time, vague letter indicating that his checks would be reduced by the draws advanced to him. Defendant never itemized the deductions it made to his paychecks. Defendant utilized this policy for all field agents.

## CLASS ALLEGATIONS

17.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

18.    Plaintiff brings this action on behalf of himself and all other similarly situated persons as a Class action under Federal Rules of Civil Procedure 23(a), (b)(1), (b)(2), and (b)(3).

19.    **Class Period.** The Class Period shall be defined as: from four years preceding the date that the first Complaint in this action is filed, until the full resolution of this action, plus any time that may be attributed to equitable tolling.

20.    **Class Definition.** The Class is defined as:

> *All persons who, during the Class period, worked in California as field agents for Defendant.*

21.    Members of the Class will be collectively referred to as the "Class." The Class does not include Defendant, its officers, and/or its directors; the Judge to whom this case is assigned; or the Judge's staff.

22.    Plaintiff reserves the right to amend the above Class and to add additional classes and subclasses as appropriate based on investigation, discovery, and the specific theories of liability.

23.    **Numerosity.** The potential members of the Class as defined are so numerous that joinder of all the members is impracticable. While the precise number of Class members has not been determined, Plaintiff is informed and believes that there are hundreds of field agents in the class.  Defendant has access to data sufficient to identify the members of the Class.

24.     **Adequacy of Representation.** The named Plaintiff is fully prepared to take all necessary steps to fairly and adequately represent the interests of the Class defined above. Plaintiff's attorneys are ready, willing, and able to fully and adequately represent the Class and individual Plaintiff. Plaintiff's attorneys are highly experienced in employment Class action litigation. Plaintiff intends to prosecute this action vigorously.

25.     **Common Questions of Law and Fact.** There are predominant common questions of law and fact and a community of interest amongst Plaintiff's and the claims of the Class concerning:

a.     Whether Defendant misclassified Plaintiff and other members of the Class as "independent contractors" instead of employees;

b.     Whether Defendant imposed business expenses on the members of the Class and then failed to reimburse the Class members for those expenses;

c.     Whether Defendant failed to provide accurate pay and commissions statements to members of the class; and

d.     Whether Defendants engaged in an unlawful, unfair, and/or fraudulent business practice or act in violation of California Business and Professions Code section 17200 *et seq.*

e.     **Typicality.** The claims of Plaintiff are typical of the claims of all members of the Class because Defendant applied and continues to apply its illegal pay practices to all General Agents.

26.     **Superiority of a Class Action.** A Class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Class members is not practicable, and questions of law and fact common to the Class predominate over questions affecting only individual Class members. Each Class member has been damaged and is entitled to recovery due to Defendant's conduct described in this Complaint. A Class action will allow those similarly situated to litigate their claims in the most efficient and economical manner for the parties and

CLASS ACTION COMPLAINT

the judiciary. Plaintiff is unaware of any difficulties likely to be encountered in this action that would preclude its maintenance as a Class action.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

**Failure to Reimburse Expenses—Cal. Lab. Code § 2802**

**By Plaintiff, On Behalf of Himself and the Class Against All Defendants**

27.  Plaintiff incorporates by reference every allegation contained above.

28.  Plaintiff brings this cause of action as a Class action on behalf of himself and the Class.

29.  As alleged above, Plaintiff and the Class incurred business expenses on Defendant's behalf. They were never reimbursed.

30.  California Labor Code section 2802 requires that employers reimburse employees for business expenses reasonably incurred. Defendant failed to do so.

31.  Plaintiff and the Class have been damaged by Defendant's failures in an amount to be proven at trial.

32.  Plaintiff is entitled to recover his damages, penalties, costs, and attorneys' fees based on Defendant's violations.

### SECOND CAUSE OF ACTION

**Unlawful Deductions From Wages**

**By Plaintiff and the Class Against All Defendants**

33.  Plaintiff incorporates each and every allegation contained above.

34.  Plaintiff brings this claim on behalf of himself and on behalf of the Class.

35.  Under California Labor Code Section 221, it is "unlawful for any employer to collect or receive from an employee any part of wages theretofore paid by said employer to said employee." This protection extends to deductions for mistakes in employees' work or other non-malicious conduct. The IWC Wage Orders

further provide that the only circumstances under which an employer can make a deduction from an employee's wage are due to cash shortage, breakage, or loss of equipment if the employer can show that the shortage, breakage, or loss was the result of the employee's gross negligence or dishonest or willful act.

36. Despite this, Defendant made and continues to make numerous deductions from the wages of their misclassified field agents. Defendant, for example, deducts money for licensing, laptops, and business insurance. Defendant is basically passing off a business risk and cost to field agent employees that are properly born by the employer.

37. As a proximate result of Defendant's unlawful conduct, Plaintiff and the Class sustained damages and are entitled to recover in the amount of these deductions, plus applicable penalties, interest, attorney's fees, and costs.

## SECOND CAUSE OF ACTION

**Failure to Provide Accurate Wage Statements—Cal. Lab. Code § 226.**

**By Plaintiff, On Behalf of Himself and the Class Against All Defendants**

38. Plaintiff incorporates by reference every allegation contained above.

39. Plaintiff brings this cause of action on behalf of himself and as a Class action on behalf of the Class.

40. The purpose for California Labor Code section 226 is to ensure the employees can determine whether they are being paid their wages in accordance with California law. Under California Labor Code section 226(h), "[a]n employee may also bring an action for injunctive relief to ensure compliance with this section and is entitled to an award of costs and reasonable attorney's fees."

41. Defendant violated the above statute by failing to provide paystubs that accurately accounted for all deductions made to Plaintiff and members of the Class' checks. The statements provided by Defendant to Plaintiff and the Class failed to accurately reflect actual gross and/or net wages earned.

42.    Defendant's violations of California Labor Code section 226 are ongoing and will continue until and unless this Court enters an injunction barring such violations. Plaintiff, therefore, seeks damages and injunctive relief pursuant to California Labor Code section 226, subsections (e) and (g), respectively, including attorneys' fees and costs incurred.

## THIRD CAUSE OF ACTION

### Unfair Business Practices—Cal. Bus. & Prof. Code § 17200, *et seq.*

### By Plaintiff, On Behalf of Himself and the Class Against All Defendants

43.    Plaintiff incorporates by reference every allegation contained above.

44.    Defendant knowingly and willfully engaged in the illegal practices described above, which include but are not limited to:

a.    Intentionally misclassifying its employee field agents as "independent contractors;"

b.    Imposing unreimbursed business expenses on misclassified employees in violation of California Labor Code sections 221 and 2802; and

c.    Failing to provide accurate pay statements in violation of California Labor Code section 226.

45.    Defendant intended to, and did, profit from these illegal acts.

46.    As a direct and proximate result of the above, Plaintiff and the Class have lost money or property, thereby entitling Plaintiff and the Class to restitution.

47.    Pursuant to the California Business and Professions Code, Plaintiff and Class Members are entitled to restitution of money or property acquired by Defendant by means of such unlawful business practices, in amounts not yet known, but to be ascertained at trial.

48.    Pursuant to the Business and Professions Code, Plaintiff, Class Members, and the public, are also entitled to injunctive relief against Defendant's ongoing continuation of such unlawful business practices, including public injunctive relief.

49.    If Defendant is not enjoined from engaging in the unlawful business practices described above, Plaintiff, Class Members, and the public will be irreparably injured. The exact extent, nature, and amount of such injury is difficult to ascertain now.

50.    The Class, including Plaintiff, has no plain, speedy, and adequate remedy at law.

51.    Defendant will continue to engage in the unlawful business practices described above in violation of the California Business and Professions Code, in derogation of the rights of Plaintiff, Class Members, and of the public, if not enjoined by this Court.

52.    The success of Plaintiff and Class Members in this action will result in the enforcement of important rights affecting the public interest by conferring a significant benefit upon the public.

53.    Private enforcement of these rights is necessary as no public agency has pursued enforcement.  There is a financial burden incurred in pursuing this action, and it would be against the interests of justice to require the payment of attorneys' fees from any recovery in this action. Plaintiff and Class Members are therefore entitled to an award of attorneys' fees and costs of suit under the "common fund," "substantial benefit," and other important doctrines.

**PRAYER FOR RELIEF**

Plaintiff prays for judgment against Defendant, as follows:

1.    For an order certifying the Class as described herein;

2.    For compensatory damages according to proof;

3.    For enhanced damages and penalties as permitted under California law;

4.    For pre-judgment and post-judgment interest where allowable;

5.    For costs of suit;

6.    For injunctive relief, as described herein;

7.    For restitution;

8.    For punitive damages, where appropriate;

9.    For reasonable attorneys' fees; and

10.    For such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury.

Respectfully submitted:

Dated:  September 24, 2018                     **NICHOLAS & TOMASEVIC, LLP**

By:    */s/ David G. Greco*
       Craig M. Nicholas (SBN 178444)
       Alex Tomasevic (SBN 245598)
       David G. Greco (SBN 299635)
       225 Broadway, 19th Floor
       San Diego, CA 92101
       Telephone: (619) 325-0492
       Facsimile: (619) 325-0496
       Email: cnicholas@nicholaslaw.org
       Email: dgreco@nicholaslaw.org

       *Attorneys for Plaintiff*
       DAVID DURAN